CARLOS MERCADO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1221. Submitted November 5, 1947.—Decided February 5, 1948.

*Carlos D. Vázquez* for appellant. The registrar appeared by brief.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

Doña Justina Ortiz Rodríguez and her children Dolores, Manuel, Marcos, Heriberto, Julia and Ramón Encarnación Ortiz were joint owners of an undivided interest in the property involved in this case which was recorded in the Registry of Property. Manuel Encarnación, in his own behalf and as attorney-in-fact of his mother Justina Ortiz, and of his brothers and sister Marcos, Heriberto, Julia and Ramón and of the daughters of Dolores Encarnación (deceased) named Ana María and América García, sold the property to Angela Vaello, which was recorded in favor of the purchaser except as to that part which belonged to doña Dolores, because it was not recorded in the name of her daughters or heirs, Ana María and América García. Subsequently, Mrs. Vaello sold the property to the spouses Arístides Torres and Helvetia Flores, in whose name the property was recorded with the exception of the condominium recorded in favor of Dolores

Encarnación Ortiz. Later the spouses Torres-Flores sold the entire property to Isolina Collazo, married to Carlos Mercado, for the amount of $566. The purchaser declared that the money paid was her separate property because she had inherited it from her father Regino Collazo González. The property was recorded in favor of Isolina Collazo as her separate property but with the curable defect that the separate character of the money had not been established. Record was denied as to the condominium which appeared recorded in favor of Dolores Encarnación Ortiz.

At the request of Carlos Mercado in a dominion title proceeding, the District Court of San Juan declared that Carlos Mercado was the owner of the property sued on; that he acquired it while married to Isolina Collazo by purchase made from the spouses Torres-Flores; the latter from Angela Vaello, who in turn purchased it from the joint owners Justina Ortiz and her children Manuel, Marcos, Heriberto, Julia and Ramón Encarnación and Ana María and América García, the latter two being the sole and universal heirs of doña Dolores Encarnación. The court ordered the cancellation of the record of the condominium of Dolores Encarnación, and the recordation of the entire property of Carlos Mercado.

Upon presenting this decision to the registry, the registrar refused to record it on the following grounds:

"Record of the preceding decision (dominion title proceeding), is hereby denied inasmuch as it orders the recording of the entire property described in said decision in favor of Carlos Mercado, and a cautionary notice is entered for 120 days pursuant to the statute at folio 54 back of volume 65 of Santurce, South, property No. 2709, entry "A" for the following reasons:

1. This property, with the exception of an undivided interest recorded in favor of Dolores Encarnación Ortiz appears recorded, as to the other undivided interests, as belonging exclusively to Isolina Collazo, married to Carlos Mercado, without having followed the legal proceedings for converting or transmuting into conjugal that part which the aforesaid Isolina Collazo acquired as her separate property.

2. The recording of the property in favor of Carlos Mercado, as ordered by the court, requires a previous conveyance or recording of the interest of doña Dolores Encarnación Ortiz in favor of her daughters Ana María and América García, as heirs, and before doing this it must be shown that the inheritance tax was paid.

3. The cancellation of a conflicting record in a dominion title proceeding does not lie unless the owner or record owner consents thereto or unless he is heard and defeated in court, upon objecting to the relief sought by the petitioner.''

Against this refusal the petitioner has taken the present administrative appeal where he assigns three errors which we shall consider in the order alleged.

''1. The registrar erred in denying the record because of the theory that in a dominion title proceeding the cancellation of a conflicting record cannot be ordered unless the record owner consents or is heard and defeated in court upon objecting to the relief sought by the petitioner.''

■ Appellant rests his contention on the doctrine laid down in *Canino* v. *Registrar,* 31 P.R.R. 413, but this case was expressly reversed in *Rodríguez* v. *Registrar,* 65 P.R.R. 614, where this Court made a detailed study of the matter on conflicting records examining the law, the cases and the text-writers in relation thereto. On page 617 we said:

''Having discarded the case of *Canino* v. *Registrar, supra,* for the reasons already cited, we find that in Puerto Rico the cancellation of a conflicting record in a dominion title proceeding does not lie unless the record owner consents thereto or unless he is heard and defeated in court, upon objecting to the relief sought by the petitioner.''

The registrar based his third ground for refusal precisely on the ruling of this Court in *Rodríguez* v. *Registrar, supra.* However, appellant argues in his brief that ''the conclusions reached in this case should be abandoned and a new study made of the matter.'' As correctly stated by the respondent ''We find nothing new in appellant's brief that has not been

amply discussed in said case." The first error was not committed.

■■ The second assignment alleges:

"2. The registrar erred in refusing to record the interest which pertained to Dolores Encarnación Ortiz, in favor of petitioner Carlos Mercado, because the other interests in said property are recorded in favor of petitioner's wife, Isolina Collazo."

Appellant alleges that although the property appears recorded in the registry in the name of Isolina Collazo (with the exception of the interest recorded in favor of Dolores Encarnación Ortiz) as her separate property, the truth is that the registrar entered the curable defect that the separate character of the money with which it had been purchased had not been established in the registry; that it has not yet been established and that the legal effect of having entered said defect in the record is that the property, according to the registry, belongs to the conjugal partnership of Isolina Collazo and Carlos Mercado, appellant herein. He cites *Crehore* v. *Registrar of Guayama,* 25 P.R.R. 795; *Fernández Pérez* v. *Registrar of Caguas,* 26 P.R.R. 673; *Acosta* v. *Registrar of Caguas,* 27 P.R.R. 232; *Sánchez et al.* v. *Registrar of San Juan,* 28 P.R.R. 624, in support of this contention. In these cases it was held that when the husband or wife seeks to record real property, as the separate property of either one, the provision contained in § 1307 of the Civil Code, (1930 ed.) must be strictly applied. It provides that "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife", and that in order to establish such separate character the affirmative statement of both spouses in a public deed is not sufficient. Appellant contends that since it is conjugal property (as the separate character has not been established) it was incumbent on him, as administrator and legal representative of the conjugal partnership, to file the dominion title proceeding.

134

We agree with appellant's contention up to this point. That is, he was the one called upon to file said proceeding, if it lay, but in this case Mrs. Isolina Collazo Mercado should have been summoned and heard, for it appears from the registry that she had a title recorded over said property. In other words, as pointed out by the registrar, "from a strictly mortgage point of view, Doña Isolina Collazo is a third person insofar as the conjugal partnership is concerned, since she had a recorded title and has not intervened in the least either personally or individually in the proceeding filed by her husband Carlos Mercado, as administrator of the partnership." Since the property is recorded as belonging exclusively to doña Isolina, the District Court did not have jurisdiction to order the recordation of the title over the entire property in the name of Carlos Mercado, without summoning or hearing her. The same ruling in *Rodríguez* v. *Registrar, supra,* is applicable. We have held, also, in *Delgado* v. *Registrar of Property of San Juan,* 30 P.R.R. 447, citing from the syllabus, that "A property being recorded as community property, while that record remains uncanceled the legal status established by that entry, whether true or not, must be considered as *prima facie* correct for the purposes of the record."

And in *Lind* v. *Registrar,* 66 P.R.R. 140, we held that "Where after the recording of a deed of sale, in which the purchaser declared that he was married but without stating the name of his wife, said purchaser marries and dies, the registrar acts correctly in refusing to record an undivided one-half interest in the property in favor of his children as heirs of his second wife, on the ground that the property appears recorded in favor of a different conjugal partnership not liquidated. The rights of the other spouse in said conjugal partnership, or of the heirs, cannot be prejudiced without an opportunity to be heard in a plenary suit." *Cf. Alcázar* v. *District Court,* 67 P.R.R. 680.

■■ The second error was not committed. In the third, appellant alleges that:

"3. The registrar erred in requiring Ana María and América García to show that the inheritance tax had been paid, before record-ing the interest which belonged to Dolores Encarnación Ortiz, in favor of the petitioner."

The registrar relied on § 12 of Act No. 99 of 1925, as amended by Act No. 303 of 1946, the pertinent portion of which reads: " . . . and no registrar shall record . . . instrument or judicial decision, ruling or judicial warrant, authorized, rendered or issued in connection with the partition, distribution or delivery of such property, unless such receipt or receipts of the Treasurer are presented . . . "

Appellant alleges that in the instant case we are not dealing with a document in connection with the partition, distribution, or delivery of the property of a deceased; that the decision presented to the registrar contained, first, the cancellation of a conflicting title in the name of Dolores Encarnación Ortiz; and second, the record of the title in the name of Carlos Mercado. Precisely, in order for the registrar to be able to record the title of the property in favor of Carlos Mercado it was indispensable that there should exist a chain of titles, from Doña Justina and her children to Don Carlos, and the first link in said chain as to the interest of doña Dolores would be the title of her heirs, who had to establish the payment of the inheritance tax or show that they had been exempted from said obligation imposed by law.

In *Delgado* v. *Registrar,* 37 P.R.R. 465, construing § 12 of Act No. 99 of 1925 with respect to dominion title proceedings, we said:

"The appellants also say that there exists a presumption of regularity in obtaining a certificate of a dominion title from a court. There are certain issues of fact decided by a court in considering an application for a dominion title that would be binding on a registrar of property. *The payment of taxes is not one of them.* By

virtue of section 18 of the Mortgage Law the registrar is bound to verify whether the requirements of law have been fulfilled. Under section 12 of Act No. 99 of the year 1925 the registrar is forbidden to record any instrument involving inherited property unless the inheritance tax is paid." (Italics ours.)

For the reasons stated the registrar's note is affirmed.